David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel: 631.287.5520 Email: DavidLopezEsq@aol.com

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue # 2A
New York, New York 10075
Tel: 323-790-4881 Email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE and MARK RUBENSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HEALTH INVESTORS, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>ERIC L. MENDELSOHN.,<br><br>Defendant. | No.  20-cv-3697<br><br>**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT, 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**THE PLAINTIFFS**, by David Lopez, Esq., and Miriam Tauber, Esq., their attorneys, complaining of the Defendant, respectfully allege the following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge:

**JURISDICTION:**

1.      This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this court by Section 27 of the ACT, 15 U.S.C. § 78aa.

**THE PARTIES AND VENUE:**

2.      Plaintiffs are each a security owner of NATIONAL HEALTH INVESTORS, INC. ("NATIONAL HEALTH"), a Maryland corporation with principal offices and domicile at 222 Robert Rose Drive, Murfreesboro, Tennessee 37129.

3.      At all times relevant, the common stock of NATIONAL HEALTH as a class was registered under Section 12(b) of the ACT.

4.      At all times relevant the common stock of NATIONAL HEALTH was listed for trading on the New York Stock Exchange and one or more of the purchases to be recited hereafter was effected through the facilities of that exchange, a National Securities Exchange, making venue correct in this District.

5.      This action is brought in the right and for the benefit of NATIONAL HEALTH, which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

6.      At all times relevant, ERIC L. MENDELSOHN ("MENDELSOHN"), was Chief Executive Officer and President of NATIONAL HEALTH and thereby a so-called "insider" within the meaning of Section 16(b) of the ACT.

**STATUTORY REQUISITES:**

7.      The violations of Section 16(b) of the ACT to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the ACT.

8.      Demand for prosecution was made on NATIONAL HEALTH on March 13, 2020. That letter was responded to on May 8, 2020, by John Spaid, EVP and CFO of NATIONAL HEALTH, indicating that NATIONAL HEALTH, viewed the claim not worthy of pursuit.

9.     Sixty days from the date of demand have expired.  Further delay in the filing of suit would be a futile gesture.

10.    This action is brought within two years of the occurrence of the violations to be described herein, or within two years of the time when the reports required by Section 16(a) of the ACT, 15 U.S.C § 78p(a), setting forth the substance of the transactions here complained of, were first filed with the Securities & Exchange  Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

11.     MENDELSOHN sold 4,000 shares of NATIONAL HEALTH common stock on February 24, 2020.

12.    MENDELSOHN purchased at lower prices 2,000 shares of NATIONAL HEALTH common stock on March 12, 2020, within less than six months of the sale described at Paragraph 11, *supra*.

13.    The foregoing sale and purchase within a period of less than six months, while MENDELSOHN was an insider of NATIONAL HEALTH, generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiffs but estimated to approximate $60,600. The precise amount to be recovered will be determined through discovery and an accounting.

14.    Upon NATIONAL HEALTH's receipt of Plaintiffs' demands for recovery of resulting short-swing profits on March 13, 2020, (see Paragraph 8, *supra*) MENDELSOHN, rather than paying them over to NATIONAL HEALTH, the Company of which he was a fiduciary, which profits were its property from the moment of purchase on March 12, 2020, sought to develop a plan to avoid his matured obligation.

3

15. In furtherance of that plan he instructed or caused his broker to be instructed on his behalf to transfer the purchase transaction to the broker's error account.

16. The transfer was a sham, MENDELSOHN assuming any loss the broker might incur in settling the purchase by going into the market and purchasing shares to cover. In fact the broker was acting as MENDELSOHN'S agent for his account and risk at his instruction.

17. The broker's error report indicates that MENDELSOHN's reason for canceling the purchase was his realization that he had incurred a short-swing trading liability.

18. MENDELSOHN's broker charged or debited MENDELSOHN's account $14,554.80 to indemnify itself against the difference in the purchase price incurred by MENDELSOHN on March 12, 2020, and the higher price paid by the broker on or about March 16, 2020, to buy-in-to-cover settlement shares in its error account.

19. This sham arrangement, as a matter of law and as a matter of public policy, is ineffectual to shield MENDELSOHN from paying over to his *cestui que trust*, NATIONAL HEALTH, the short-swing profits due to it from him.

20. The buy-to-cover 2,000 shares were an additional purchase of the common stock of NATIONAL HEALTH by or on behalf of MENDELSOHN and they may be matched against the sale of 4,000 shares at higher prices on February 24, 2020, (paragraph 11, *supra*) to yield additional short-swing profits in an amount unknown to plaintiffs but estimated at approximately $45,500.

**SECOND CLAIM FOR RELIEF:**

21. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record, or the discovery of additional trades during the course of this action.

22.     MENDELSOHN, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of NATIONAL HEALTH, within periods of less than six months of each other, while an officer of NATIONAL HEALTH, including but not limited to the transactions pleaded in the First Claim For Relief.

23.     By reason of such purchases and sales (or sales and purchases) of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of NATIONAL HEALTH, MENDELSOHN realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf, of NATIONAL HEALTH.

**WHEREFORE**, Plaintiffs demand judgment:

a)    Requiring MENDELSOHN to account for and to pay over to NATIONAL HEALTH the short-swing profits realized and retained by him in violation of Section 16(b) of the ACT, together with appropriate interest and the costs of this suit;

b)    Awarding to Plaintiffs their costs and disbursements including reasonable attorneys', accountants, and expert witness fees; and

c)    Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:     Southampton, New York
           May 13, 2020

Yours, etc.

s/ Miriam Tauber                              s/ David Lopez
Miriam Tauber, Esq.                           David Lopez, Esq.
*Attorney for Plaintiffs*                      *Attorney for Plaintiffs*